IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIGSLIST, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>DEUCE JACKSON LLC, MICHAEL A. HANSON, and DOES 1 through 25, inclusive,<br><br>    Defendants. | No. C 13-01501 WHA<br><br>**ORDER COMPELLING MICHAEL A. HANSON'S COMPLIANCE WITH THE JANUARY 8 ORDER** |

On February 6, plaintiff craigslist, Inc. filed a second discovery letter "request[ing] that this Court compel Mr. Hanson to produce all documents responsive to craigslist's First Set of Requests for Production between the dates January 1, 2011 and December 31, 2013, pursuant to the Court's order on January 8, 2014" (Dkt. No. 30). Responses to this order are due by **NOON ON FEBRUARY 14**.

On January 3, plaintiff filed a discovery letter seeking to compel production of documents responsive to plaintiff's first set of requests for production, to compel substantive responses to plaintiff's first set of interrogatories, to deem plaintiff's first set of requests for admissions admitted, and to deem all objections to plaintiff's first set of interrogatories and first set of requests for production waived. Even though defendant's discovery responses were due on December 12, 2013, he failed to provide discovery responses.

United States District Court
For the Northern District of California

On January 8, after an in-person meet and confer, plaintiff and Mr. Hanson appeared for a hearing. Mr. Hanson was ordered to produce within one week documents responsive to plaintiff's first set of requests for production for the last two years. The parties also filed a signed stipulation which stated "Defendant will produce all documents responsive to craigslist's First Set of Requests for Production by no later than January 15, 2014 at 7:00 p.m. subject to the Court's order limiting the dates of production from January 1, 2011 to December 31, 2013" (Dkt. No. 28).

Plaintiff argues that Mr. Hanson has violated the January 8 order. According to plaintiff, although it received "*some* response . . . . Mr. Hanson only produced a *very small* number of documents in response to craigslist's Requests for Production and failed to indicate whether he did not have documents responsive to any of the Requests" (Dkt. No. 30) (emphasis in original). Plaintiff represents that during a conversation with Mr. Hanson on January 28, "Mr. Hanson explicitly admitted that he had further responsive documents in his possession which he had not produced." During a conversation with Mr. Hanson on February 4, plaintiff represents that "Mr. Hanson informed counsel that despite his assurances, he had not gathered responsive documents and would not be producing anything further." This order pauses to note that plaintiff did not submit declarations signed under penalty of perjury supporting these representations.

Fact discovery closes on May 28, 2014 and trial begins August 25, 2014 (Dkt. No. 18).

\*     \*     \*

Given that Mr. Hanson is already subject to an order (and also stipulated) to produce documents from January 1, 2011 to December 31, 2013, responsive to plaintiff's first set of requests for production, *pro se* defendant Mr. Hanson is provided one last chance to remedy any defects in his production which, according to the January 8 order, was due on January 15, 2014.

Mr. Hanson is hereby **COMPELLED** to produce documents from January 1, 2011 to December 31, 2013, responsive to plaintiff's first set of requests for production by **FEBRUARY 12**, failing which he should be prepared to **SHOW CAUSE** why he should not be held in contempt.

By **NOON ON FEBRUARY 14**, the parties shall file signed statements under penalty of perjury stating compliance with the January 8 order and this order. No extensions will be granted.

Mr. Hanson is reminded that failure to comply with Court order may result in sanctions.

**IT IS SO ORDERED.**

Dated: February 7, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE